LEVI B. GLAZE v. THE THREE RIVERS FARMERS'
MUTUAL FIRE INSURANCE COMPANY.

*Deed—Delivery—Recording—Fire insurance—Insurable interest.*

1. Recording a deed raises a presumption of delivery to the grantee, which may be rebutted by proof of a contrary intent on the part of the party responsible for such recording; citing *Stevens v. Castel*, 63 Mich. 111.

2. The homestead right of a husband (if any) in buildings which he has insured before conveying the land on which they stand to his wife is not an insurable interest within the meaning of the charter of an insurance company, which provides that the interest of the assured at time of a loss must be that of owner or mortgagee.

Error to St. Joseph. (Loveridge, J.) Argued June 10, 1891. Decided July 28, 1891.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*John B. Shipman (Orris P. Coffinberry,* of counsel), for appellant, contended:

1. As to what amounts to a delivery of a deed, counsel cited *Thatcher v. St. Andrew's Church*, 37 Mich. 264; *Burnett v. Burnett*, 40 Id. 361; *Pennington v. Pennington*, 75 Id. 600; *Lyon v. Lyon*, 76 Id. 610; and as to the necessity of acceptance by the grantee, see *Watson v. Hillman*, 57 Mich. 607.

2. A husband has an insurable interest in a homestead of which his wife holds the title; citing *Merrett v. Insurance Co.*, 42 Iowa, 13; *Reynolds v. Insurance Co.*, 80 Id. 568; *Horsch v. Insurance Co.*, 77 Wis. 4; and as to what constitutes an insurable interest generally in property, see Wood, Ins. § 263; May, Ins. §§ 76, 77; 11 Amer. & Eng. Cyc. Law, 312; *Harris v. Insurance Co.*, 50 Penn. St. 341; *Insurance Co. v. Deale*, 18 Md. 26; *Insurance Co. v. Barracliff*, 45 N. J. Law, 543.

3. As to plaintiff's rights in the homestead after giving the deed, see *Hodson v. Van Fossen*, 26 Mich. 68; *Snyder v. People*, Id. 106; *Henry v. Gregory*, 29 Id. 68; *Jerdee v. Insurance Co.*, 75 Wis. 345; *Rowe v. Kellogg*, 54 Mich. 206; May, Ins. § 381.

*R. R. Pealer* and *David Knox*, for defendant, contended for the doctrine of the opinion.

MORSE, J. The plaintiff became a member of the defendant company, and insured his buildings and · personal property therein, March 17, 1882. October 8, 1887, he deeded the land, 40 acres, and his homestead, upon which the insured buildings were situated, to his wife, Effie Glaze. The deed was recorded October 12, 1887. October 31, 1887, the buildings, and personal property within them, were burned by an incendiary fire. The defendant settled with him for the loss of the personal property insured, but refused to pay the insurance on the buildings because of this transfer to his wife. This suit is brought to recover such loss. The jury below found for the defendant.

The policy of insurance provides that it is made and accepted subject to all the provisions of the charter and by-laws of the company, a copy of which charter and by-laws appears annexed to the policy. Section 11 of the charter reads as follows:

" Any members, upon the sale of their property, may assign their policy to the purchaser, or secure a mortgage, on payment of one dollar; such assignment to be approved by the secretary, and indorsed on the policy. But the insurance upon such property shall cease upon such sale, unless so assigned; but they shall be holden for all assessments until such canceling or assignment is made."

Section 16 also provides that no loss shall be paid unless the assured or his assignee—

" Shall, at the time of the fire, have or hold a *bona*

*fide* insurable interest in the property burned, either by *ownership or as mortgagee.*"

After the fire the plaintiff assigned the policy to his wife, but not.with the consent of the secretary of the company. Before the commencement of this suit his wife reassigned it to him.

The question upon the trial in the court below properly turned upon whether or not this deed had been delivered before the fire. The plaintiff endeavored to show that he executed the deed without the knowledge of his wife, intending that it should not take effect until after his death, and that his wife did not know that he had made it. He went to the county-seat to get it recorded, and paid the fees therefore. It was returned to him by letter, and he testifies that it has ever since been in his possession. His wife was not sworn, and upon his cross-examination some facts and admissions were shown tending somewhat, at least, to contradict his assertions that his wife was ignorant of the execution of the deed.

We do not care to analyze the testimony. We think the question of the delivery of the deed was properly a question for the jury, under all the testimony, and that the court did not err in what he said in his charge in submitting such question to them. The court instructed the jury that it was not necessary that this deed should have been actually placed in the hands of the wife; that a manual delivery was not always necessary; that if the plaintiff executed the deed, and put it upon record for the purpose, and with the deliberate intention, of passing the title then presently to her, such act would constitute a valid delivery of the deed. The counsel for the plaintiff contend that this is not enough; that a deed cannot rest in intention merely, but, in addition, there must be a delivery of the deed itself to the grantee or

some third person for such grantee's use and benefit; and that something must be done to indicate an acceptance of the grant upon the part of the grantee, as no person, against his will, can be made a land-owner.

We think there were circumstances drawn from the plaintiff upon cross-examination from which the jury might well presume that the wife knew all about the deed, and not only consented to it, but asked for it in payment of an indebtedness from her husband to her. It is true, the debt was an ancient one, but under our decisions it would have been a good consideration between them, even as against creditors; and there are intimations in the plaintiff's testimony, that the object of it was for the purpose of protection to the wife, the premises conveyed being of more value than the homestead exemption. The recording of the deed was a presumptive delivery, which could be explained or rebutted, however, by the intention of the grantor, the plaintiff, as the act of recording was his own. *Patrick v. Howard*, 47 Mich. 40, 45; *Stevens v. Castel*, 63 Id. 111, 116. In this case the recording of the deed was admitted, and, if the jury found the intention of the plaintiff going with such act to be to pass the title to his wife, there was a sufficient delivery of the instrument. The wife has not disowned the deed, but since the fire has acted in some respects in ratification of it.

The plaintiff's counsel also insist in this Court that, the buildings being situated upon the homestead, the plaintiff, notwithstanding there was a sufficient delivery of the deed, had still an insurable interest in them, and that the sale or transfer forbidden by the charter means such a transfer as would leave no insurable interest in the policy-holder. But this view of the charter provision is not tenable. It is expressly stated in section 16 of

that instrument, as heretofore shown, that the insurable interest which the assured must have at the time of the fire is that of owner or mortgagee.

The judgment is affirmed, with costs.

The other Justices concurred.