### FIREMANS FUND INSURANCE COMPANY ET AL.
### v. DUNN.

[No. 2,245. Filed March 15, 1899. Rehearing denied May 10, 1899.]

INSURANCE.—*Issuance of Policy.—Mistake.—Correction.—Reformation.—Complaint.*—An error in an insurance policy may be corrected by agreement of the parties in interest, and a complaint declaring upon a policy in favor of a person other than plaintiff is not bad where it is alleged that by the mistake of the agent who wrote the policy the name of the owner of the property was omitted, and the name of her husband was inserted instead thereof, and that the mistake was corrected by the agent by an indorsement on the policy making same payable to the proper person. *pp. 333-336.*

PLEADING.—*Complaint.—Relief.*—A complaint is not bad for the reason that it asks more than is necessary to proper relief. *p. 335.*

DEED.—*Record.—Delivery.—Presumption.*—Where a deed is recorded by the grantor, its delivery will be presumed; but such presumption is not conclusive, and may be overthrown. *pp. 336, 337.*

INSURANCE.—*Correction of Policy.—Special Verdict.*—Where a complaint in an action on an insurance policy alleged that by the mistake of the agent who wrote the policy the name of the owner of the property was omitted and the name of her husband was inserted instead thereof, and that thereafter the error was corrected by the agent, by authority of the company, a special verdict which fails to find that the correction was made by the authority of the company, or acquiesced in by the company, will not support a judgment for plaintiff on the policy. *pp. 337-339.*

SPECIAL VERDICT.—*Conflict.*—An irreconcilable conflict in the findings in a special verdict, on a particular point in issue, results in no finding upon such issue. *p. 338.*

SAME.—*Judgment.—Exception.—Bill of Exceptions.—Appeal and Error.*—An exception to the action of the court in overruling a motion for judgment on a special verdict may be presented on appeal without a bill of exceptions. *p. 339.*

From the Delaware Circuit Court. *Reversed.*

*Ryan & Thompson* and *Thomas Bates,* for appellants.

*O. N. Cranor,* for appellee.

Firemans Fund Ins. Co. *v.* Dunn.

COMSTOCK, J.—Appellee brought this action against appellants, upon an insurance policy to recover damages occasioned by fire.   A demurrer was overruled to an amended complaint.   Appellant answered in three paragraphs.   Without demurring to either of them, appellee replied to the third. A demurrer to the reply was overruled.   Upon proper request, under direction of the court, the jury returned a special verdict, upon which appellant and appellee each moved for judgment.   The court sustained appellee's motion for judgment, and overruled appellants' motions for judgment and for a new trial.   For errors, appellants assign the action of the court, (1) in overruling the demurrer to the amended complaint; (2) in overruling demurrer to appellee's reply; (3 & 4) in overruling appellants' motion for judgment on the special verdict; (5) in overruling appellants' motion for a new trial.

The first objection urged to the complaint is that it avers that the property burned belonged to appellee, while the complaint declared upon a policy to insure W. H. Dunn's property.   One provision of the policy (which is made a part of the complaint) reads as follows:   "If the interest of the assured in the property at or after the date of the policy be any other than the entire unconditional and sole ownership of the property for the use and benefit of the assured, etc., it must be so represented to the company, and so expressed in the written part of this policy; otherwise the policy shall be void."   It is contended that the judgment was obtained upon the policy without being reformed, and therefore upon a void policy.

The complaint avers that appellee was, on the 22nd day of December, 1892, and ever since has been, the owner of the property burned; "that said defendant, at said date, in consideration of the sum of $6.30 paid to the defendant by the plaintiff as a premium, executed and delivered to plaintiff a policy of insurance, a copy of which is hereto attached, marked 'Exhibit A,' and made a part hereof.   *   *   *

Plaintiff further avers that, in the writing of the policy of insurance herein sued on, plaintiff's name was, through inadvertence and mistake and error of John C. Eiler, the defendant's agent, improperly written or omitted, and in place thereof W. H. Dunn was written by said agent; that it was the intention of both parties thereto to issue said policy in the name and for the sole benefit of plaintiff in case of fire; that when said mistake was discovered, and on the 23rd day of May, 1893, said agent, by indorsement of said policy and by the consent and authority of the defendant, corrected said mistake, which said indorsement is filed herewith, marked 'Exhibit B,' and made a part hereof." The prayer of the complaint is that the policy be reformed by striking out of the places thereof, wherever it appears, the name of W. H. Dunn, and inserting in place thereof Verrella J. Dunn, and for judgment thereon in the sum of $1,000.

It thus appears that the property was owned by appellee at the time of the insurance and at the time of the fire; that she paid the premium; that the policy was delivered to her; that the agent of the company, by mistake, did not write her name in the policy, but instead inserted W. H. Dunn, contrary to the intention of the parties thereto, it being the intention of both parties to issue the policy in the name of appellee and for her sole benefit. W. H. Dunn, so far as the averments of the complaint showed, did not own the property, and did not pay the premium. The policy was not delivered to him. He was not a party to it. It does not appear that he had any knowledge of its existence, nor that there was such a person as W. H. Dunn, except from the indorsement on the policy made to correct the alleged error. Exhibit B of the complaint, which is the indorsement on the policy, is as follows: "The property covered in this policy at the time of issue was in the name of Verrella J. Dunn, and by error issued to W. H. Dunn, her husband. This policy is hereby made payable to Verrella J. Dunn, May 13, 1893. John C. Eiler, Agent."

Firemans Fund Ins. Co. *v.* Dunn.

Were there any doubt as to the sufficiency of the averments to show a mutual mistake, that doubt is removed by the indorsement of the agent, which, it is averred, was made by the authority of the defendant company. The parties in interest, by agreement, correct a mistake; the correction itself is an admission of the error. The claim that a valid judgment could not be rendered without an assignment of the policy to appellee, or without reforming the policy, cannot be maintained; for, under the averments, no one but the company and appellee had any interest in the policy to assign, and they had themselves reformed it. An error in an insurance policy may be as readily corrected by agreement of the parties in interest as an error in any other contract. Appellant's counsel attach importance to the fact, as they claim it to be, that it is not averred when the mistake was discovered; that, if the policy was accepted with knowledge of the mistake, she could not now be heard to complain of it. There is a lack of definiteness in the statement in reference to the date of the discovery of the error, but that is not material, in view of the conduct of appellant in admitting and correcting the error. The complaint, in the light of all of its averments, does not show an attempt to enter into a contract with W. H. Dunn as contended, and the claim that the policy is therefore void by reason of the condition of the policy heretofore set out is not well founded. It may be conceded that there is an inconsistency in setting up facts showing a correction of the policy, and in the prayer of the complaint asking for its reformation. It also asks for judgment for the loss occasioned by the fire. If entitled to have either prayer granted, the complaint is not bad for asking more than is necessary to proper relief. *Bunch* v. *Grave*, 111 Ind. 351. The contract of insurance is personal, but there can be no contract without the meeting of the minds of the contracting parties. There was no intention to enter into a contract with W. H. Dunn. There was a meeting of the minds of appellee and appellant, but, by mistake, an error

was made in the name of one of the parties in reducing the contract to writing. This error was subsequently corrected. The demurrer to the complaint was properly overruled.

The third paragraph of answer, to which appellee replied, sets out substantially the conditions of the policy as to ownership and title, and avers that, after the policy was issued, appellee conveyed the property by deed of general warranty. Appellee's reply to this paragraph admits that, after the issuing of the policy in suit, and before the time of the fire, she made and caused to be recorded in the recorder's office of Delaware county, Indiana, a writing purporting on its face to be a deed of conveyance of the real estate described in the policy to Carrie B. Vansickle, but that said deed was made and caused to be recorded without any consideration whatever, without the knowledge or consent of the grantee, or of any one on her behalf, and without any intent to transfer ownership or interest of appellee in said real estate, and for the sole purpose of avoiding the institution against appellee of several threatened wrongful and unjust lawsuits; that the deed was never delivered to the grantee, or to any one on her behalf, and that she never claimed any interest in said real estate by virtue of said deed. The policy contains the following stipulation, pertinent to the questions presented by this demurrer: "Or if the property be sold or transferred, or any change take place in the title or possession," etc., "without the consent of the company indorsed hereon, * * * this policy shall be void." It needs the citation of no authorities to show that the delivery of a deed is necessary to pass title.

Appellant contends that the leaving of the deed at the recorder's office is a sufficient delivery; citing *McNeely* v. *Rucker*, 6 Blackf. 391; *Mallett* v. *Page*, 8 Ind. 394; *Somers* v. *Pumphrey*, 24 Ind. 231, 243; *Glaze* v. *Insurance Co.*, 87 Mich. 349, 49 N. W. 595; *Burkholder* v. *Casad*, 47 Ind. 418, 422; *Vaughan* v. *Godman*, 94 Ind. 191; *Stevens* v. *Castel*, 63 Mich. 111, 29 N. W. 828; *Mitchell* v. *Ryan*, 3

Ohio St. 377, and numerous other decisions, to the effect that the acceptance of a party to whom a conveyance is made for his benefit will be presumed until the contrary appears, and the instrument takes effect without waiting for a subsequent delivery to the grantee named. The authorities in this State go no further than to hold that if a deed is recorded by the grantor, its delivery will be presumed, but that this presumption is not conclusive. The recording is evidence from which the fact may be presumed, but this presumption may be overthrown. The question of delivery is to be determined by the court or jury. *Vaughan* v. *Godman,* 94 Ind. 191; *Tharp* v. *Jarrell,* 66 Ind. 52; *Dearmond* v. *Dearmond,* 10 Ind. 191; *Woodbury* v. *Fisher,* 20 Ind. 387, 83 Am. Dec. 325.

Appellant objects to the reply that it does not aver that the grantee did not assent to the conveyance, and that the allegation that she never owned it is a mere conclusion of law, and not the statement of a fact. The reply avers that the deed was made without the knowledge or consent of the grantee. Thus, it negatives her assent; for assent is an affirmative act implying knowledge. If it be conceded that the averment that the grantee never owned the property is a mere legal conclusion, it would still be but the defective averment of a material fact, and, under decisions of the Supreme and this Court (inasmuch as a special verdict was returned) the overruling of the demurrer was harmless.

The next specification in the assignment of error discussed by counsel raises the question as to the sufficiency of the facts found by the special verdict to warrant a judgment in favor of appellee, and the action of the trial court in overruling the motion for judgment on the special verdict. We need only to refer to the rule that no presumptions are indulged in favor of one on whom the burden rests in a special verdict. All material facts necessary to a recovery must be found. A material fact alleged in the complaint is that the correction

of the error in the policy was made by the agent by the authority and with the consent of the appellant company. The jury found that the correction was made by the agent, but do not find that it was made by the authority of the company, nor that such correction was known to or acquiesced in by the company. The correction made a new contract, which could not bind the company unless entered into by one duly authorized. The verdict shows that the local agent who made the correction in the policy had only authority to solicit insurance, to issue policies, to collect and remit premiums, and to give notice of losses. The correction was made four months after the policy had been issued.

Under the averments of the reply, it devolved upon the appellee to prove that the deed alleged to have been made to Carrie B. Vansickle had never been delivered. To the following interrogatory, "Does the evidence show that the deed was never delivered to any one for the grantee named therein, Carrie B. Vansickle?" the jury answered, "No." In answer to another interrogatory, the jury answered that the deed in question had never been delivered to the grantee nor to any one for her. The verdict finds that the appellee and her husband made and acknowledged a deed for the lot on which the house insured was situated after the alleged correction of the policy, and before the fire, to her sister, Carrie B. Vansickle, and caused it to be recorded in the recorder's office; that in said deed the grantee assumed the payment of a mortgage for $150. The jury find that soon after the destruction of the property by fire, appellee wrote two letters, one to the defendant company, the other to the officers of the company, in each of which letters she stated that she had transferred the property to her sister to secure the payment of a small amount of money, that the transfer was temporary, and that she had gotten it back. These findings are irreconcilably in conflict, and result in no finding upon this material fact. *Gates* v. *Scott*, 123 Ind. 459, 462; *Wabash R. Co.* v. *Savage*, 110 Ind. 156, 161. It was essential to

a judgment in favor of appellee that the jury should find that the deed never was delivered. The verdict finds that the appellant company did not consent to, and had no knowledge of, the making of said deed. Other defects, to which we do not deem it necessary to refer, are pointed out in the special verdict, and its deficiency in other respects is discussed at length by appellant's counsel. Its failure to find the foregoing facts must be held as to such facts, a finding against appellee. The jury having failed to find facts entitling appellee to judgment, it follows that appellant's motion for judgment should have been sustained.

Appellee insists that the question raised by the third and fourth assignments cannot be considered, because the bill of exceptions was not filed in time. The trial was concluded on the 3rd day of December, 1895, and motion for judgment on the verdict in favor of appellant was filed on the 5th day of December, 1895. Appellants' motions were overruled, and exceptions taken at the time. The Supreme Court has held that a bill of exceptions is not necessary to present an exception to the ruling of the court on such motion. In *Salander* v. *Lockwood*, 66 Ind. 285, at page 289, the Supreme Court said: "General and special verdicts and answers to interrogatories are part of the record without bills of exceptions. * * * We think the motion in writing for judgment on the special findings, and the ruling of the court thereon, which must appear on the record, are all that is necessary, in connection with the verdicts already in the record, to present the decision of the court, and the reason of it, and that no bill of exceptions is necessary. As to this point, *Shaw* v. *Merchants Nat. Bank*, 60 Ind. 83, is overruled." *Redinbo* v. *Fretz*, 99 Ind. 458. See, also, *Frank* v. *Grimes*, 105 Ind. 346.

The judgment is reversed, with instructions to the trial court to sustain appellant's motion for judgment on the special verdict.

Wiley, J., absent.