## FRANKLIN INSURANCE COMPANY *v.* FEIST ET AL.

[No. 4,393.    Filed October 8, 1903.]

PLEADING.—*Complaint on Fire Insurance Policy.*—*Variance.*—The complaint on a fire insurance policy described the property insured as a dwelling situated on lot number twenty-five in "McTeagert's addition" to a certain city, while the policy showed that the defendant insurance company agreed to insure against loss by fire a dwelling situated on lot twenty-five in "McTeagert's fifth addition to said city." *Held,* that the variance might have been good ground for objection to the introduction of the policy in evidence, but did not make the complaint bad. *pp. 394, 395.*

DEEDS.—*Delivery.*—A delivery of a deed is not effective without an intent on the part of the grantor that it is to be delivered, accompanied by an act to carry out such intent. *pp. 395, 396.*

SAME.—*Execution and Record of Deed Without Knowledge of Grantee.*— *Delivery.*—Where a deed of conveyance was executed and recorded without the knowledge of the grantee, and after record the grantors took possession of the deed and exercised dominion over it, and where the purpose of the grantor was that the deed should not be delivered except upon a certain contingency which did not arise, there was no delivery. *p. 396.*

PLEADING.—*Complaint on Fire Insurance Policy.*—*Reply.*—*Departure.*— To a complaint on a fire insurance policy for damages to a dwelling-house, the defendant insurance company answered that the plaintiff was not the owner of the property insured at the time the policy was issued, and that the policy by its terms was thereby rendered invalid. *Held,* that a reply which admitted that the records in the county recorder's office showed that plaintiff had deeded the property to another, but that the deed was without consideration, had never been delivered, and was made and recorded without the knowledge of the grantee, was not bad as being a departure from the complaint. *pp. 396, 397.*

EXEMPTION.—*Pleading.*—The right of exemption is given only upon contracts express or implied, and when such right is pleaded it must appear that the judgment was of the character entitling the claimant to the exemption. *p. 397.*

From Daviess Circuit Court; *H. Q. Houghton,* Judge.

Action by Catherine Feist against the Franklin Insurance Company and another. From a judgment for plaintiff, the Franklin Insurance Company appeals. *Reversed.*

*A. J. Clark* and *Gardiner & Slimp*, for appellant.

*C. K. Tharp* and *John Downey*, for appellee Catherine Feist.

Comstock, J.—Appellee Feist sued the appellant Franklin Insurance Company on a fire insurance policy. Appellee the State Building & Loan Association was made a party defendant as a mortgagee of appellee Feist. Said policy was issued on the 5th day of October, 1899, and was to be effective for three years from date. By said policy appellant agreed to insure appellee Feist in the sum of $600 against damage to a dwelling-house, and to insure her in the sum of $400 against loss to her personal property located in said dwelling. On the 23d day of May, 1900, the house and personal property were destroyed by fire. The loss on personal property was adjusted at $200, and paid, leaving the controversy, so far as this appeal is concerned, solely for damage to the house.

The complaint was in one paragraph. A demurrer thereto for want of facts was overruled. The defendant insurance company answered separately in four paragraphs. The first admits the execution of the policy, and that said policy contained a clause stipulating that the loss, if any, under said policy, should be paid to the State Building and Loan Association of Indiana, as its interests may appear; that the building was damaged by fire, and proof of loss made; that the loss on personal property was agreed upon and fully settled, prior to the bringing of the action; that the plaintiff represented that she was the owner of the property in fee simple at the time of the issuance of said policy; that the policy sued on contains the following provision: "This entire policy, unless otherwise provided by agreement indorsed thereon or added thereto, shall be void if the interest of the insured be otherwise than unconditional and sole ownership, or if the subject of the insurance be a building on ground not owned by the insured in fee simple;" that at the time of the issuance of the policy plaintiff

was not the owner of the property and building covered by said policy, and that she made conveyance of the same November 2, 1896, to one Antonia Feist; that so having conveyed said property prior to the time of the issuance of said policy, plaintiff had no insurable interest in and to the same when said policy was issued, and the conditions as to the title having been violated, the policy was void from the time of its issuance. The second pleads that plaintiff represented that she was the owner of the property described in the policy; that appellant relied upon such representations as to ownership and issued its policy for a premium of $4.80; that appellant had no knowledge as to the title of the property other than the representations of plaintiff; that the plaintiff had, in fact, conveyed said property before the issuing of said policy, to one Antonia Feist, and was not the owner thereof at the time of the issuance of said policy or at the time said property was damaged by fire. It also pleads the provision as to ownership set out in paragraph one, and brings into court the sum of $5 for the plaintiff for the premium paid for the execution of said policy. The third pleads payment prior to the bringing of the action. The fourth, that, among other things, it is provided by the terms of said policy, that, unless otherwise provided by agreement indorsed thereon or added thereto, the same should be and become void if the property insured is, or shall after the execution of said policy become encumbered, without the consent of the defendant, or if any change, other than by the death of the insured, take place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard), whether by legal process or judgment, or by voluntary act of the insured, or otherwise; that there was a valid and subsisting judgment rendered by the Daviess Circuit Court, in the State of Indiana, in favor of Arnold J. Padgett and J. Alvin Padgett; that the same was and still is a lien upon the premises and build-

ing damaged by fire, as plaintiff well knew, and that defendant insurance company had no knowledge of said judgment, and no indorsement concerning the same was made upon the policy sued on. The appellee replied in two paragraphs to each paragraph of the answer, the first being a general denial. In the second paragraph to the first and second paragraphs of answer appellee alleged that prior to the contract of insurance sued on she and her husband united in signing a deed for the property described in the policy to one Antonia Feist; that said deed was without any consideration whatever, and purely voluntary; that it was prepared and signed without the knowledge or consent of said Antonia Feist; that it was never delivered; that appellee always retained possession of the deed, except for a short time it was in possession of the recorder for the purpose of being recorded; that appellee always kept possession of the property described in the deed, paid the taxes on it, improved it, and exercised absolute dominion over it; that said Antonia Feist had no knowledge that said deed had been made, signed, or recorded, until long after the fire which destroyed the property, and upon information of these facts, and at the request of the appellee, voluntarily reconveyed said property to appellee; that at the time of the execution of said deed she meant and intended to hold and retain the same for and during the continuance of the married relations between her and her husband, and same was not to be delivered, or to have any force or effect as a conveyance, except in the event she should die prior to her said husband; that same should not be considered as delivered except in that event. It is further averred that she and her husband are Germans, and are unable to read the English language; that she had confidence in and relied upon the advice of one Samuel Mattingly, a notary public, and who was agent for the defendant building and loan association, who advised her that such a deed as she signed would in no way affect her

right and interest in the property in the event she survived her husband, and that she acted upon his advice and procured him to make the deed; that she did not read and could not read any of the provisions of said policy, and that none of said provisions in said policy were read to her, and she had no knowledge or information about any of the provisions of said policy, and that she never had possession of said policy, but same was always in possession of the loan association, which had the mortgage on said property.

Appellees' second paragraph of reply to appellant's fourth paragraph of answer, setting up judgment lien, alleges that plaintiff and one Joseph Feist are wife and husband; that they live together as one family in the State of Indiana, and have so lived for forty years; that plaintiff has been a resident and householder of Indiana for forty years; that her husband is an invalid, and has no estate; that at the time of the rendition of the judgment set out in defendant's answer, and ever since, all the property of which plaintiff was owner was worth less than $600, and that she claims all of said property free from judgment lien set out in said fourth paragraph of answer.

A trial resulted in a verdict in favor of appellee for $634.20, $122 of which appellee, with the leave of the court, remitted, and judgment was rendered in her favor for $512.20. The building and loan association filed its cross-complaint, which was, with the consent of the court, withdrawn, and which need not be further mentioned.

Appellant assigns as errors the action of the court in overruling appellant's demurrer to appellees' complaint; in overruling appellant's demurrer to the second paragraph of appellees' reply; in overruling appellant's demurrer to the fourth paragraph of appellees' reply; and in overruling the appellant's motion for a new trial.

It is insisted that the complaint is insufficient because it declares ownership of the plaintiff in lot number twenty-

five in McTeagart's addition to the city of Washington, Daviess county, Indiana, while the policy shows that the defendant insurance company agreed to insure plaintiff against loss by fire of a dwelling situated on lot twenty-five in McTeagart's fifth addition to the city of Washington, Indiana. The variance between the description in the complaint and in the policy is manifestly clerical. The complaint alleges that appellant owned the dwelling-house, and personal property therein, on a certain lot. Whether the error was in the complaint or in the policy it was evident the court would have given leave to correct. The variance might have been good ground of objection to the introduction of the policy in evidence, but did not make the complaint bad.

It is contended ·the second paragraph of reply to the first and second paragraphs of answer is bad: (1) Because on its face it declares the property to have been conveyed in trust for the use of Joseph Feist, and that that was the purpose of the grantor; (2) because it purports to answer both the first and second paragraphs of the answer, which it does not do; (3) because said grantor expressly admits by her pleading that under certain conditions said deed was to pass title from her to her grantee, and no words of limitation having been inserted in said deed it must be taken and considered as a deed absolutely in fee simple as against the grantor in this case; (4) because it is a departure from the facts pleaded in the complaint. The paragraph in question declares that at the time of making the deed it was the intention of the grantor to retain it in her possession during the existence of the marriage relation between appellee and her husband, Joseph Feist, and that it was not to be delivered and to have effect except in the event appellee should die before her husband.

A delivery of a deed is an essential part of its execution; without delivery there is no execution. A delivery is not

effective without an intent on the part of the grantor that it is to be delivered, accompanied by an act to carry out such intent.    *German Ins. Co.* v. *Gibe*, 162 Ill. 251, 44 N. E. 490; *Osborne* v. *Eslinger*, 155 Ind. 351; *Fifer* v. *Rachels*, 27 Ind. App. 654.

There are numerous decisions to the effect that the acceptance of a party to whom a conveyance is made for his benefit will be presumed until the contrary appears, and the instrument takes effect without waiting for a delivery to the grantee named.   The authorities in this State go no farther than to hold that, if a deed is recorded by the grantor, the delivery will be presumed, but this presumption may be overthrown.   The question of delivery is to be determined by the court or jury.   *Fireman's Fund Ins. Co.* v. *Dunn*, 22 Ind. App. 332, and cases cited.

It appears that appellee, after the deed was placed on record, took possession of the same, and exercised dominion over it, and that the grantee had no knowledge of its existence, and it was the purpose that it should not be delivered except upon conditions set out.   There was no delivery.   *Weber* v. *Christen*, 121 Ill. 91, 11 N. E. 893, 2 Am. St. 68; *Gifford* v. *Corrigan*, 105 N. Y. 223, 11 N. E. 498; *Forward* v. *Continental Ins. Co.*, 142 N. Y. 382, 37 N. E. 615, 25 L. R. A. 637; *Knop* v. *National Fire Ins. Co.*, 101 Mich. 359, 59 N. W. 653; *Imperial Fire Ins. Co.* v. *Dunham*, 117 Pa. St. 460, 12 Atl. 668, 2 Am. St. 686; *Elliott* v. *Ashland, etc., Ins. Co.*, 117 Pa. St. 548, 12 Atl. 676, 2 Am. St. 703; *Osborne* v. *Eslinger, supra;* *Fireman's Fund Ins. Co.* v. *Dunn, supra.*

The first and second paragraphs of answer plead substantially the same defects, viz., no title, no insurable interest, because of the deed to Antonia Feist.   It is good as to both.   The fact that there was no delivery, and therefore no conveyance, meets these objections.

We can not agree with counsel for appellant that the reply is a departure from the complaint.   The complaint

avers title in appellees. Appellant averred facts to show there was no title; that the title had been conveyed. The reply pleaded facts to avoid the facts set up in the answer. These facts support the complaint.

It is urged that the second paragraph of reply to the fourth paragraph of answer is bad, for the reason that the husband and wife can not each claim an exemption to the amount of $600 when living together. As it does not appear that the husband was claiming an exemption as a householder, the question is not presented.

It is, however, argued against this paragraph that it does not show that the judgment which it is alleged in the answer was a lien upon the property insured was a judgment upon a contract of the appellee. The right of exemption is given only upon contracts express or implied, and when such right is pleaded it must appear that the judgment was of the character entitling the claimant to the exemption. The reply contains no facts upon which to predicate the claim. *Goldthait* v. *Walker,* 134 Ind 527, and cases cited.

Judgment reversed, with instruction to sustain demurrer to second paragraph of reply to the fourth paragraph of answer. Questions presented by motion for a new trial may not be raised again, and are therefore not considered.