## SCHAFFNER v. VOSS ET AL.

[No. 6,883. Filed December 7, 1910.]

1. MORTGAGES.—*Notice.*—*Constructive.*—Where a vendor takes a mortgage as part payment of the purchase price of the land sold, and records it, subsequent purchasers of such land are charged with constructive notice thereof. p. 556.

2. VENDOR AND PURCHASER.—*Equities.*—A vendor whose lands are subject to a valid recorded mortgage can transfer only such rights as he has in the premises. p. 556.

3. VENDOR AND PURCHASER.—*Mortgages.*—*Sale after Foreclosure Suit is Begun.*—*Purchasers Pendente Lite.*—*Lis Pendens Notice.* —Where a purchaser buys mortgaged real estate after the beginning of a foreclosure suit, he becomes a purchaser *pendente lite,* and is bound by the decree entered in the suit, and this is true without the filing of the statutory *lis pendens* notice (§329 Burns 1908, Acts 1889 p. 201). p. 556.

4. MORTGAGES.—*Foreclosure.*—*Parties.*—*Subsequent Purchasers.*— *Deeds.*—*Notice.*—A mortgagee, on filing a foreclosure suit, is chargeable with all deeds to such real estate, on record at the time of such filing, and if any grantee thereof is omitted as a party, his rights will not be affected. p. 557.

5. ACTION.—*Commencement of.*—*Publication of Notice.*—*Foreclosure of Mortgage.*—A suit against a nonresident for the foreclosure of a mortgage is deemed commenced at the time of the first publication of the nonresident notice. p. 557.

6. DEEDS.—*Delivery.*—*Burden of Proof.*—The execution of a deed includes its delivery; and the burden of proving delivery rests upon the one claiming under it. p. 557.

7. DEEDS.—*Delivery.*—*Evidence.*—*Appeal.*—Where the evidence as to the delivery of a deed was unsatisfactory, furnishing a basis for various inferences, in many respects contradictory and uncertain, and the trial court has found that such delivery occurred subsequently to the commencement of a foreclosure suit, such decision will not be disturbed on appeal. pp. 557, 558.

8. DEEDS.—*Delivery.*—*Leaving at Recorder's Office.*—The unexplained leaving of a deed, by the grantor, at the recorder's office, is deemed a delivery of such deed. p. 558.

From Lake Circuit Court; *W. C. McMahan,* Judge.

Suit by Charles Schaffner against Joachim Voss and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*N. 'L. Agnew* and *C. B. Tinkham,* for appellant.
*Johannes Kopelke,* for appellees.

MYERS, J.—On June 8, 1907, appellant filed his complaint in the court below, wherein it appears that on November 15, 1890, Joachim Voss was the fee-simple owner of certain real estate in Lake county, Indiana, and on that day by warranty deed conveyed such real estate to Arthur E. Clark, who thereupon executed a purchase-money mortgage on said land to said Voss to secure the unpaid purchase'

money. On November 24, 1890, said Clark conveyed said land to Peter Stein. Thereafter said Stein caused said real estate to be subdivided and platted into lots, and said plat to be recorded in the recorder's office of Lake county, Indiana. On December 19, 1890, said Stein conveyed said real estate to the Tolleston Park Company, the grantee assuming and agreeing to pay said mortgage. On November 27, 1892, said Tolleston Park Company conveyed to Jacob Schimelfenig two of said lots, and on November 29, 1892, four additional lots. On October 22, 1895, said Schimelfenig conveyed said lots then owned by him to appellant, Charles Schaffner. On October 25, 1895, said deed of appellant was recorded in the office of the recorder of said county. On October 21, 1895, said Voss filed in the office of the clerk of the Lake circuit court his complaint to foreclose said mortgage. At the time of filing said complaint appellant was a nonresident of the State of Indiana, and was not at that time, or thereafter, made a party to said suit, nor was he notified of the pendency of said suit by any service of process nor with notice by publication. At the time of accepting said conveyance appellant had no notice or knowledge of the filing of said complaint, or the beginning of said foreclosure. Appellant's grantor, Schimelfenig, was a nonresident of the State, and was made a party to said foreclosure proceeding, and was given notice by publication, which notice was published in a newspaper of general circulation in said county, the first notice appearing on October 24, 1895, and the last, on November 7, 1895. On February 4, 1896, in the Lake Circuit Court, such proceedings were had that all defendants named in the complaint were defaulted, the cause submitted to the court for trial, and a finding made and judgment rendered in favor of Voss; that thereafter proceedings were had according to law, and said real estate was sold by the sheriff to said Voss; that, at the expiration of a year from the date of sale, the sheriff of Lake county executed to said Voss a

sheriff's deed for all the real estate covered by said mortgage, including said six lots. On August 10, 1896, Voss and his wife executed a warranty deed to Alma Hess for two of said lots, and on the same day executed a warranty deed to Hilda Hess for the other four of said six lots, which deeds were recorded in the deed records of said county; that the lots conveyed to Schimelfenig were the first lots sold at said foreclosure sale; that said lots at the foreclosure sale were sold at an average of about $10 each. Appellant also alleges that he is the owner in fee simple of said six lots, and that he is entitled to have his title quieted as against said foreclosure and as against Voss, Hess and Hess; that he is willing to pay $10 each, with interest, from the date of the execution of said mortgage, to redeem said lots, if the court find they are still subject to a proportionate share of said mortgage. Appellant demands that his title be quieted, or that he be permitted to redeem said lots.

Defendants answered by a general denial. There was a trial by the court, and finding and judgment for defendants. Appellant's motion for a new trial, on the ground that the decision of the court was contrary to law and was not supported by sufficient evidence, was overruled.

The only error assigned is based on the overruling of the motion for a new trial.

The facts stated in the complaint concerning the title of the lots in question were admitted to be true, the controverted question being whether appellant was a good-faith purchaser of said lots, and paid value for them before the commencement of the Voss foreclosure suit.

Appellant's evidence was in the form of a deposition, which showed that at the time he purchased the lots in suit, and at the time of the trial, he resided at Chicago, Illinois; that said Jacob Schimelfenig was his brother-in-law; that he purchased the lots in the fall of 1895, for $1,000, and in good faith, and did not know of the Voss suit at that time. Upon cross-examination he testified that his

brother-in-law came to him in Chicago and asked him to buy the lots, as he needed the money; that he did not know who drew the deed; that after it was made out and signed it was shown to him, and he told his brother-in-law to have it recorded; that the deed for the lots was recorded before it was turned over to him; that he did not know much about the lots or their value; that his brother-in-law wanted the money paid to his wife, which he did, making payment by check as follows: December 28, 1895, $39, December 31, 1895, $50; May, 1896, $200; November, 1896, $75; December, 1896, $25; March, 1897, $100; April, 1897, $100; September, 1897, $50; October, 1897, $150; November, 1897, $150; December, 1897, $150. He also testified that when he bought the lots his brother-in-law owed him some money, but he did not recollect whether that indebtedness was taken into consideration. He did not remember when he received the deed, and did not know whether he received an abstract of title, for the reason that he did not pretend to keep track of his private papers—that was done by some one else. He was engaged in two lines of business. He testified: "I do not give my private matters any attention." He did not remember whether he knew of the Voss mortgage at the time he made the purchase, and did not remember what conversation was had at the time he purchased the lots, or whether he made any investigation regarding the title, as he testified "it made very little difference to me whether the lots were $5 or $5,000, because he was my brother-in-law and he needed the money," and he was willing to let his brother-in-law have the $1,000, whether he got any title to the lots or not. With reference to the title, he thought he took his brother-in-law's word for it, and did not remember what he said on the subject. On reëxamination he said that Schimelfenig came to him with the deed; that he examined it, and had it in his possession, and told his brother-in-law to have it recorded for him.

By agreement of the parties the affidavit of Joachim Voss,

dated December 31, 1907, was admitted in evidence, whereby it appears that he knew nothing of the purchase by Charles Schaffner of any of said lots prior to the time he received the sheriff's deed; that the first knowledge he had of any claim of Schimelfenig to the lots was about three months before the making of the affidavit. This, in substance, was all the evidence given in the cause. Trial was had February 10, 1908.

At the time appellant purchased the real estate in question, the mortgage records of Lake county disclosed the fact that Voss held a mortgage thereon. Appellant's claim of title proceeded from Clark, who executed the mortgage to Voss. These facts are sufficient to charge appellant with constructive notice of the Voss mortgage at the time he purchased and took the title to the real estate from his grantor, Schimelfenig. *Schmidt* v. *Zahrndt* (1897), 148 Ind. 447. It must be conceded that Schimelfenig transferred to appellant only such right or interest in the land as he had at the time he parted with the title thereto. It must also be conceded that if the title to the real estate in question was in Schimelfenig, at the time Voss commenced his suit to foreclose his mortgage, appellant must be regarded as a purchaser *pendente lite,* and therefore bound by the decree subsequently entered in that suit. *Randall* v. *Lower* (1884), 98 Ind. 255; *Davis* v. *Barton* (1892), 130 Ind. 399; *Warford* v. *Sullivan* (1896), 147 Ind. 14. As said in the case of *Eyster* v. *Gaff* (1875), 91 U. S. 521, 23 L. Ed. 403: "The obvious reason for this is, that if, when the jurisdiction of the court has once attached, it could be ousted by the transfer of the defendant's interest, there would be no end to the litigation, and justice would be defeated by the number of these transfers." This is true without the filing of a *lis pendens* notice as provided by §329 Burns 1908, Acts 1889 p. 201. *Rothschild* v. *Leonhard* (1904), 33 Ind. App. 452.

While appellant was chargeable with constructive notice of the Voss mortgage, Voss must be regarded as having had constructive notice of appellant's deed after it was recorded; and under the facts disclosed by the record in this case, in order to cut off appellant's right of redemption, Voss must have commenced his suit against appellant's grantor while the title to the real estate was still in him.

Schimelfenig was made a party to the foreclosure proceeding, and as to him the suit was commenced at the time of the first publication of the nonresident notice, which was October 24, 1895. §317 Burns 1908, §314 R. S. 1881; *Wood* v. *Bissell* (1886), 108 Ind. 229. On October 25, 1895, appellant's deed, dated October 22, 1895, was recorded. The theory of appellee is that while the deed is dated October 22, 1895, it was not delivered until after it was recorded, or, in any event, not before October 25, 1895, and after the commencement of the foreclosure suit against Schimelfenig.

The execution of a deed includes its delivery to the grantee, which is necessary to divest the grantor of title. *Fitzgerald* v. *Goff* (1884), 99 Ind. 28; *Rogers* v. *Eich* (1896), 146 Ind. 235. The delivery of a deed being one of the necessary elements in so passing title to real estate, the burden of showing its delivery is upon the party claiming under it. *Burkholder* v. *Casad* (1874), 47 Ind. 418. Whether a deed has been delivered is a question of fact to be determined from the evidence adduced at the trial of the cause, and the trial court's finding in that particular will not be disturbed on appeal, where the record discloses evidence from which such fact might have been found. *McReynolds* v. *Smith* (1909), 172 Ind. 336; *State, ex rel.;* v. *Scott* (1908), 171 Ind. 349; *Rocker* v. *Metzger* (1908), 171 Ind. 364.

It has been held that the leaving of a deed by the grantor at the recorder's office for record, in the absence of a show-

ing to the contrary, will be regarded as a delivery of
such deed. *Colee* v. *Colee* (1890), 122 Ind. 109, 17
Am. St, 345; *Firemans Fund Ins. Co.* v. *Dunn*
(1899), 22 Ind. App. 332; *Franklin Ins. Co.* v. *Feist*
(1903), 31 Ind. App. 390. By reference to the evi-
dence it will be seen that appellant does not claim
to have made a payment on account of the purchase
of the lots in question until December 28, 1895, although
his grantor was in need of money. Appellant says he was
shown the deed, but has no recollection when it actually
came into his possession. The grantor and grantee were
brothers-in-law, and the former had an equity in the lots
in question, "and he needed the money," which the latter
was willing to furnish, regardless of the value of the lots,
but who did not find it convenient or necessary to furnish
any part of it for more than two months after the alleged
sale and purchase, and then only $39, which was paid to
the wife of the grantor. It appears from the evidence that
during the month of September, 1895, appellant paid to
Schimelfenig $500, and that he owed appellant some
money at the time the deed was made, but this loan does
not appear to have entered into the purchase and sale of
the lots. Schimelfenig's version of the transaction was not
before the court. What weight the trial court may have
given these various items of evidence tending to show when
the deed was delivered, we have no way of determining,
but, in view of the ordinary and every-day business trans-
actions, and the unsatisfactory evidence of appellant, it
might not be unreasonable to infer that the deed was signed
and acknowledged on October 22, and recorded on October
25, as shown by the instrument, without the knowledge of
appellant and for the purpose of securing the repayment
of the money then owing by Schimelfenig to appellant. If
such were the case, and the deed thereafter ripened into an
unconditional conveyance of the lots, when, under the evi-
dence, did this most likely occur? It may be inferred from

the evidence that appellant was a man of considerable financial strength, and, when appealed to by his brother-in-law, he took the lots solely because he desired to render his brother-in-law financial assistance, for he admits that he gave no attention to the value of the lots. If the necessity for financial aid on the part of the grantor was then present, which might be inferred, and which seems to have been the principal inducement on the part of appellant to make the alleged purchase, the time of the first payment, December 28, 1895, is not without persuasive force, as tending to show the time when the deed was actually delivered unconditionally. But this is not at all the only conclusion which the evidence will justify, for it more strongly supports the finding that the deed was not delivered until left with the recorder for record, which was, as we have seen, after the first publication of notice to nonresidents. Either of the suggested findings would make appellant a purchaser *pendente lite,* and therefore bound by the decree subsequently rendered in the Voss foreclosure suit. We are convinced that a right result was reached on the merits of this case.

Judgment affirmed.