LATHROP (VOGLE v.). See Case No. 16,985.

LATHY (BAYARD v.). See Case No. 1,131.

## Case No. 8,114.

### LATIMER v. MOORE et al.

[4 McLean, 110.][1]

Circuit Court, D. Michigan. June Term, 1846.

ANNUITY — DUTY OF TENANT FOR LIFE AS TO INCUMBRANCES—MORTGAGES—RECEIVER TO PAY CHARGES.

1. A personal decree will be made against the heir for an annuity charged on the land.

2. A tenant for life is bound to keep down the interest of incumbrances, although the whole of the rents are exhausted by it.

[Cited in Murdock v. Ford, 17 Ind. 55.]

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

3. A court will sometimes appoint a receiver to pay the annual charges on the mortgaged premises.

4. The above principles will be applied, if the land under incumbrances shall not sell for the debt secured by the mortgage.

[This was an action on a mortgaged debt by P. Latimer against Moore, Matteson, and Barnum.]

Mr. Seaman, for complainant.

OPINION OF THE COURT. This bill was filed to foreclose a mortgage given on certain lots in the village of Cassopolis, in the county of Cass, Michigan, to secure the payment of two promissory notes, each for the sum of four hundred and fifty dollars. In the bill, Barnum is represented to be in possession of the premises, under some claim, as purchaser or otherwise, the particulars of which are unknown to the complainant, except that the interest or title claimed, is derived from Wood and Matteson, and that is subject to the mortgage. And the bill prays the defendants may answer, etc. And that an account may be taken, and that so much of the mortgaged premises may be sold as shall be necessary to pay the principal and interest due, and the costs, etc. Barnum having had possession of the premises, the complainant contends that he must account for the rents and profits. Lands sold to A. subject to an annuity of £15 a year, to the sister of the vendor. The lands are afterwards mortgaged and otherwise charged by A., and thus charged descend to his heir at law, a court of equity will make a personal decree against the heir for the arrears and growing payments of this annuity. Champernowne v. Hillersdon, 4 Brown, P. C. 330; 1 Mer. 240; 1 Chit. Eq. Cas. 600. A tenant for life is bound to keep down the interest of incumbrances, although the whole of the rents are exhausted by it. Revel v. Watkinson, 1 Ves. Sr. 93; 1 Chit. Eq. Cas. 380. The heir at law can oblige tenant by the courtesy, to keep down the interest, as any other tenant. Casborne v. Scarfe, 1 Atk. 606, 1 Chit. 380. The court will sometimes appoint a receiver to receive the rents of the mortgaged premises, who will be required to pay the interest and the annual charges upon the land. Story, Eq. Jur. § 838; 5 Madd. 422; 6 Madd. 11; 3 Johns. Ch. 259. The mortgage debt always forms a part of the purchase money, on the purchase of the mortgagor's equity of redemption. 3 Johns. Ch. 261. The above principles may be applied, if it shall be found that the mortgaged premises are insufficient to pay the sum due, etc. The court having referred, etc., to a master, whose report is before us, will decree a foreclosure and sale of the premises.