# 52 CASES IN THE SUPREME COURT

MURDOCK
v.
FORD.

Tuesday,
November 26.

------

## MURDOCK v. FORD and Others.

Where a prior mortgagee, at the time of filing his bill for foreclosure, has either actual or constructive notice of a junior mortgage, or other subsequent incumbrance, he is bound to make the holder thereof a party to the action, or the proceedings therein will not affect him.

Where several notes maturing at different times are secured by the same mortgage, they are like so many successive mortgages; the first one due has priority, and the others come in, in the order in which they mature.

If the notes secured by a mortgage are held by different persons, and the holder of the deferred notes is not made a party to a proceeding by the holder of the first notes for a foreclosure, his rights are not affected, and he may redeem, as against a purchaser on such decree.

The purchaser is, in such case, if he goes into possession under the sheriff's sale, liable to be charged with the rents, and also with waste committed by him.

Tuesday,
November 26.

APPEAL from the *Benton* Circuit Court.

DAVISON, J.—The appellant, who was the plaintiff, brought an action against the appellees, alleging, in his complaint, these facts: *Elieazer Ford*, on *October 9*, 1855, executed to

one *John Murdock* five, several, promissory notes, each for
the payment of $1,077; the first payable on or before *March*
1, 1857; the second by *March* 1, 1858; the third on *March*
1, 1859; the fourth by *March* 1, 1860, and the fifth on or
before *March* 1, 1861. To secure the payment of these
notes, *Elieazer Ford*, and *Margaret Ford*, his wife, executed
to *John Murdock* a mortgage on certain land in *Benton*
county. After this, *John Murdock* assigned the first and
second notes, those maturing in *March*, 1857, and *March*,
1858, to one *Caldwell*, who assigned them to *David H.
Denny*. At the *March* term, 1858, *Denny*, having instituted
suit on the mortgage, recovered a judgment in the *Benton*
Circuit Court against *Ford* and wife, on said two notes, and
also a decree of foreclosure against them, in the usual form,
foreclosing all equity of redemption that they, or either of
them, had in the premises. *John Murdock*, though he was
still the holder of the last three notes, was not made a party
to the suit in which the decree was rendered, or, in any
way, notified of its pendency. In *September*, 1858, the
sheriff, by virtue of an order of sale issued on said decree,
sold the mortgaged premises to *Edward C. Sumner*, for
$1,850, and, pursuant to the sale, made him a sheriff's deed.
On *June* 13, 1859, *John Murdock* assigned the last three
notes to *William T. Murdock*, the plaintiff, who, before
he commenced this suit, applied to *Sumner* to redeem the
land described in the mortgage, and tendered him the
full amount of the principal and interest of the decree,
which had been assigned to him, and under which he had
purchased; but he refused to accept the amount tendered,
or to admit any right or claim of the plaintiff in the premises.
It is averred that *Sumner*, upon receipt of the sheriff's deed,
took possession under his purchase, and has ever since en-
joyed the rents and profits of the land, which are alleged to
be worth $1,000, and has removed rails, and committed waste,
to the amount of $800. The relief prayed is, that an account
be taken of what is due *Sumner*, if any thing, on account of
said judgment and decree; that he be adjudged liable for
rents and profits, and waste, and that the plaintiff be allowed
to redeem; and, further, that said land when so redeemed,

be decreed liable to be sold for the payment of said notes and mortgage, &c. Defendant's answer relies, for defense, upon the decree, order of sale, and sheriff's sale to *Sumner*. To which the plaintiff replied, reiterating, substantially, the facts stated in his complaint. Demurrer to the reply sustained, and final judgment given for the defendants.

Has the plaintiff a right to redeem? This is the controlling inquiry in the case. The appellant argues that *John Murdock*, the holder of the last three notes, stood in the relation of a junior mortgagee of the land; that he ought to have been, but was not, made a party to the suit for foreclosure; and therefore his rights could not be affected by the decree. To a suit to foreclose, a junior mortgagee is certainly a proper, if not a necessary, party; because, "where a prior mortgagee, at the time of filing his bill, has either actual or constructive notice of a junior mortgage, or other subsequent incumbrance, he is bound to make the holder thereof a party to the action, or the proceedings therein will not affect him." *Haines* v. *Beech*, 3 Johns. Ch. 454; *Shaw* v. *Hoadley*, 8 Blackf. 165; *Branch Bank, &c.* v. *Taylor*, 10 Ala. 70; *Swift* v. *Edson*, 5 Conn. 531; *Cooper* v. *Martin*, 1 Dana, 23; 2 Hilliard on Mort. 131; Story Eq. Pl., § 192, and notes. Indeed, the general rule in equity is, that all persons materially interested, whether legally or beneficially, in the subject matter of the suit, are to be made parties to it, as plaintiffs or defendants, so that there may be a complete decree, that shall bind them all. Story's Eq. Pl., § 72. See, also, 2 R. S., §§ 17, 18, pp. 30, 31. Thus, it is evident, that the rights of *John Murdock*, whatever they may be, in the mortgaged premises, could not be affected by the decree of foreclosure, for the obvious reason that he was no party to the suit in which it was rendered.

What, then, are his rights? If, as contended, he stood in the relation of a junior mortgagee of the land, he had an undoubted right to redeem, as against *Sumner*, because, as the sheriff's vendee, he acquired title only against the parties to the suit, which can not be set up against the subsisting equity of those who were not parties. *Haines* v. *Beech, supra; Kimmell* v. *Willard*, 1 Doug. (Mich. Rep.) 217; 1 Hilliard on Mort. 300, *et seq.; Branch Bank, &c.* v. *Taylor, supra;*

2 Story's Eq. Jur., § 1023. And it must be conceded, that if as a junior mortgagee, *John Murdock* had a right to redeem, his assignment of the last three notes and mortgage to the plaintiff, conferred on him the same right. But it remains to be inquired, whether *John Murdock* really did occupy the relation of a junior mortgagee? We have decided that notes secured by mortgage, and due at different times, are like so many successive mortgages; the one first due has priority and the others come in, in the order in which they mature *Hough* v. *Osborne*, 7 Ind. 140; *Harris* v. *Harlan*, 14 Ind 439; *Bank* v. *Tweedy*, 8 Blackf. 447; *Stanley* v. *Beatty*, 4 Ind. 134. It is, however, insisted that the mortgage, in this instance, created but one lien, one defeasance, and one equity of redemption, which were extinguished by the decree and sale to *Sumner*. We are not, in view of the facts stated inclined to adopt that construction. True, the general rule of law is, that a foreclosure and sale of the mortgaged prem-ises invests the purchaser with the fee simple, and the mort gage becomes extinct; but there are cases, and we think this is one of them, in which a court of equity will consider an incumbrance alive, in order that the purposes of justice may be subserved. *Howe* v. *Woodruff*, 12 Ind. 214, and cases there cited. And, moreover, *John Murdock*, the holder of the junior incumbrance, in this case, was not a party to the suit which resulted in the decree, and, in consequence, the result of that suit can not be allowed to impair, in any degree, his rights under the mortgage. And his assignee, the plain-tiff, has, it seems to us, adopted the proper remedy. Having tendered the full amount of the judgment and interest, he has the right to redeem.

And having that right, it seems to follow, that *Sumner*, being in possession of the mortgaged premises, in virtue of a sheriff's sale under the prior mortgage, is liable for rents and profits, and, also, for waste. The principle is, "that the party in possession is entitled, only, to what is equitably due, after deducting what has come to his hands from the estate," and, also, what has been lost to the estate by his commission of waste. 1 Hilliard on Mort. 417, 433; *Latimer* v. *Moore*, 4 McLean, 110; *Moore* v. *Degraw*, 1 Halst. Cha. 346; *Givens*

v. *McCalmont*, 4 Watts, 460. The demurrer to the reply was not, in our opinion, well taken, and the judgment must, therefore, be reversed.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*H. W. Chase* and *J. A. Wilstach*, for the appellant.