## McKernan v. Neff et al.

Mortgage.—*Senior and Junior Mortgages.—Redemption.—Proceeds of Sale on Foreclosure.*—A. mortgaged certain real estate to B. Afterward he made a second mortgage on the same real estate to C., and after that a third mortgage to D. C. assigned his note and mortgage to E. B. foreclosed his mortgage, and D. was a party to the proceeding and filed his cross bill against the mortgagor, but he was not served with process, nor did he appear to the cross bill. Neither C. nor E. was made a party, nor had they notice of the proceeding. The decree ordered the sale of the real estate and directed the proceeds to be first applied to the payment of B.'s mortgage, second to the payment of D.'s mortgage, and the overplus, if any, to be paid to the mortgagor. The real estate was sold on the decree, and D. became the purchaser. B.'s mortgage was paid out of the proceeds, and the residue with the consent of the mortgagor was paid to D. After the sheriff's sale the mortgagor conveyed the real estate by warranty deed to D., and D. afterward sold and conveyed to F., and after the expiration of one year he also received a deed from the sheriff. A. at the time of the decree was insolvent, and so continued to be, and the real estate became so depreciated in value that it was not worth more than the amount of the mortgage of B.

*Held,* that the decree of foreclosure and the sale of the real estate did not affect the rights of E.

*Held,* also, that the equity of the mortgagor and all other parties to the action were barred by the decree and sale; but as to E., the proceedings only had the effect of transferring to the purchaser the interest of the mortgagee in the mortgage foreclosed, and he occupied the position of an assignee.

*Held,* also, that E. could foreclose his mortgage, and redeem the mortgaged premises by paying the amount of B.'s mortgage, as if there had been no foreclosure.

*Held,* also, that E., having lost no rights by the foreclosure, had no right to any avails of the sale, or any equity that authorized a marshalling of the surplus according to priorities.

*Held,* also, that a depreciation in the value of the real estate since the sheriff's sale could not affect the rights of the parties.

Junior Mortgage.—*Recording.—Notice to Purchaser under Senior Mortgage.*— If a junior mortgage has been duly recorded, a purchaser of the mortgaged premises on a foreclosure rendered on a senior mortgage will be presumed to have bid and purchased with reference to the junior mortgage, and with knowledge of the right of the holder of that mortgage to redeem.

Same.—A purchaser from one who bought at a sheriff's sale under a decree of foreclosure will be affected by all defects and irregularities of the sale that appear of record, and is bound to take notice of a junior mortgage and that the holder of such mortgage was not a party to the foreclosure proceedings.

McKernan *v.* Neff *et al.*

SAME.—A middle mortgagee, who was not a party to proceedings of foreclosure on the senior mortgage, cannot elect to affirm a sale made to the junior mortgagee on a decree rendered upon the senior mortgage in such proceedings, and recover of the junior mortgagee the surplus after paying the senior mortgage.

From the Marion Superior Court.

*J. T. Dye* and *A. C. Harris,* for appellant.

*T. E. Johnson, N. B. Taylor,* and *E. Taylor,* for appellees.

OSBORN, J.—It will not be necessary to set out the pleadings in this case. The questions involved will sufficiently appear by the following statement:

On the 13th of February, 1865, David S. McKernan executed a mortgage on certain real estate in Indianapolis to Tompkins A. Lewis.

On the 5th of June thereafter he executed another mortgage upon the same real estate to one Edward P. Quinn, to secure a promissory note of that date for five hundred dollars payable six months after date.

On the 10th of January thereafter, he executed another mortgage upon the same real estate to James H. McKennan, the appellant.

Each of the mortgages was duly recorded.

Quinn sold and assigned his note and mortgage to the appellees.

In 1866, Lewis instituted an action to foreclose his mortgage, to which James H. McKernan, the appellant, was a party and filed his cross bill against David S. McKernan, to foreclose his mortgage. David S. McKernan was not served with process in the cross complaint and did not appear to it. Neither Quinn nor the appellees were made parties to the action or had any notice of it. There was a decree of foreclosure, and that the proceeds of the sale should be applied first to the payment of the amount of Lewis' mortgage, interest, and costs, and next to the amount of the appellant's mortgage, and the overplus, if any, to be paid to the mortgagor. The property was sold by the sheriff on the decree, to the appellant, for the sum of nine thousand two hundred

and thirty-nine dollars and eighty-six cents, which he paid to the sheriff and received a certificate of sale. The sum of seven thousand eight hundred and fifty dollars and seventy-six cents was applied to the payment of Lewis' decree, interest, and costs, and the sum of one thousand three hundred and eighty-nine dollars and ten cents, being the overplus, was paid to the appellant on and in satisfaction of his mortgage. The last mentioned sum was paid to the appellant with the assent of the mortgagor, who, after the sheriff's sale, conveyed the mortgaged property to the appellant by warranty deed. Afterward the appellant sold and conveyed the property by warranty deed to one Johnson for nine thousand two hundred and fifty dollars. He also assigned to him the sheriff's certificate of sale, and at the expiration of one year from the date of the sale, Johnson received a deed from the sheriff. The mortgagor was, at the time of the decree of foreclosure, and has been ever since, wholly insolvent. Since the sale to Johnson, the property has so depreciated, that it would not sell for more than enough to pay off Lewis' decree.

A demurrer to the complaint was overruled, and an answer filed, to which a demurrer was sustained. Exceptions were taken to both the rulings. The appellant failing to amend his answer, final judgment was rendered against him for the amount due on the Quinn note and mortgage.

We do not think it necessary to set out the answer. It does not materially affect the case. If the complaint is good, the answer is bad.

An appeal was taken to the general term, where the judgment was affirmed. From that judgment an appeal has been taken to this court.

The errors assigned in general term were in overruling the demurrer to the complaint, and in sustaining the demurrer to the answer. The error assigned in this court is, that the court below in general term affirmed the judgment of the court below in special term.

The decree of foreclosure and sale of the mortgaged prem-

ises have not affected the rights of the appellees. Their mortgage was junior to Lewis' and senior to the appellant's. The equities of the mortgagor and all other parties to the action are barred by the decree and sale. As to the appellees, the foreclosure can only have the effect to transfer to the purchaser the interest of the mortgagee in the mortgage foreclosed, who occupies the position of an assignee. *Arnot v. Post,* 6 Hill N. Y. 65; *Murdock* v. *Ford,* 17 Ind. 52, and cases there cited; *Waller* v. *Harris,* 7 Paige, 167.

How have the appellees been prejudiced by the sale? They can foreclose their mortgage and redeem by paying the amount of Lewis' mortgage as well as if his had not been foreclosed. Their rights and interests were neither sold nor barred. They remain unaffected. If they were not sold, what right had they to any of the purchase-money? Their mortgage was subject to Lewis'. The appellant's mortgage was subject to theirs. That is their exact position now. The mortgage held by the appellees had been duly recorded, and the purchaser will be presumed to have bid and made the purchase with reference to it; *De Ruyter* v. *The Trustees, etc.,* 2 Barb. Ch. 555; and also with reference to the right of the holder of that mortgage to redeem on payment of the amount of the Lewis mortgage, and that he would stand in the position of an assignee of that mortgage as against the holder of the Quinn mortgage, then held by the appellees. *Arnot* v. *Post* and *Murdock* v. *Ford, supra.*

Johnson occupies no better position as to the title of the property than the appellant would if he had not made the sale. His title is derived through the sale on the decree of foreclosure, and he will be affected by all defects and irregularities of the sale that appear of record. *Piel* v. *Brayer,* 30 Ind. 332. He was bound to take notice of the Quinn mortgage, that it was senior to the appellant's, and that the holder had not been made a party to the foreclosure suit through which he derived title.

The appellees having lost no rights by the foreclosure,

McKernan *v.* Neff *et al.*

and no interests of theirs having been sold, they have no right to any of the avails of the sale.

When they seek to redeem, there may be a question between them and Johnson, if he is in possession, as there was in *Murdock* v. *Ford,* as to how far he must account for rents, waste, etc. But we need not discuss or pass upon it in this case. Nor is it necessary for us to consider the questions which may arise between Johnson and the appellant, in an action for breach of covenant upon his deed. We will not anticipate such an action. It is foreign to the question before us.

Whether the mortgaged property has increased or diminished in value since the sheriff's sale, or whether the appellant has sold at a profit or loss, cannot affect the rights of the parties in this action. The note secured by the Quinn mortgage became due in December, 1865, more than a month before the mortgage was given to the appellant. The decree of foreclosure of the Lewis mortgage was rendered in May, 1866, and the sale under the decree to the appellant was made on the 28th day of July, 1866. This action was commenced on the 19th day of May, 1871. The appellees have taken no steps to collect their debt by foreclosure or otherwise, or to redeem the mortgaged premises. It will cost no more to redeem now than it would before the sheriff's sale, except the accumulated interest. Their right to redeem still remains. It is optional with them now, as it has been, whether they will avail themselves of such right or not.

The appellees claim that the " surplus shall be marshalled according to the priorities of the equities." We have seen that the appellees had no equities in or to the surplus. Consequently, it was not a case for marshalling the surplus. " In the sense of the courts of equity, the marshalling of assets is such an arrangement of the different funds under administration as shall enable all the parties, having equities thereon, to receive their due proportions, notwithstanding any intervening interests, liens, or other claims of particular persons

to prior satisfaction, out of a portion of these funds." Story Eq., sec. 558.

It is also suggested that the appellees could elect to recognize the sale as valid, and demand enough of the surplus after paying off the Lewis mortgage to satisfy theirs. But the appellant cannot be compelled to become the purchaser of their interest against his will. He did not purchase any interest of theirs at sheriff's sale, and they cannot compel him to pay for it by electing to affirm a sale which was never made. What the appellant purchased was the mortgagor's equity of redemption in satisfaction of the mortgage, as between them; and as against the appellees, he became the purchaser and assignee of the mortgage to Lewis.

The demurrer to the complaint ought to have been sustained.

The judgment of the Marion Superior Court is reversed, with costs. The cause is remanded, with directions to the court in general term to reverse the judgment of the special term, and to remand the cause to the special term, with instructions to sustain the demurrer to the complaint, and for further proceedings in accordance with this opinion.