MID–WEST FEDERAL SAVINGS BANK,
Lester Hunt, and Mary Hunt,
Appellants–Defendants,

v.

James T. KERLIN and Glenna Kerlin,
Appellees–Plaintiffs,

and

Robert Cantrell, Susan Cantrell, Claude
Sutton, and Carla Sutton, Appellees–
Defendants.

No. 87A01–9605–CV–167.

Court of Appeals of Indiana.

Oct. 30, 1996.

Rehearing Denied Jan. 7, 1997.

Rory O'Bryan, James H. Ham, III, Baker & Daniels, Indianapolis, for Appellants.

Glenn A. Deig, Evansville, for Appellees James T. Kerlin and Glenna Kerlin.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Mid–West Federal Savings Bank ("Mid–West") and Lester Hunt and Mary Hunt ("the Hunts") appeal from the trial court's summary judgment in favor of James T. Kerlin and Glenna Kerlin ("the Kerlins"). The Kerlins filed their complaint seeking satisfaction of a judgment lien against property owned by the Hunts and mortgaged to Mid–West. Prior to the Hunts' purchase, the property had been the subject of a foreclosure action brought by Permanent Federal Savings Bank ("Permanent Federal"). In their complaint against the Hunts and Mid–

West, the Kerlins claim that Permanent Federal improperly failed to join them in the action and, thus, that they should not be bound by the foreclosure judgment. The court granted summary judgment in favor of the Kerlins and ordered that the property be sold to satisfy their judgment lien. The Hunts and Mid–West appeal from that order and claim that they were not required to join the Kerlins as parties in the foreclosure action to bind them.

We reverse.

## ISSUES

Mid–West and the Hunts present several issues for our review, which we restate as:

1. Whether the trial court erred when it found that the Kerlins were proper parties to the foreclosure action.

2. Whether the trial court erred when it held that the Kerlins' interest in the property was not extinguished by the foreclosure judgment.

## FACTS

On March 26, 1992, the Kerlins obtained a judgment of $168,271.14 against Joe Holland and the Holland Energy Company ("Joe Holland judgment"). At the time of the judgment, Joe Holland and his wife, Shirley, owned the real property which is the subject of this appeal as tenants by the entirety. Permanent Federal held a mortgage on the property, which was recorded on March 15, 1985, in the Office of the Recorder of Warrick County.

By September, 1993, the Hollands had fallen delinquent in their mortgage payments, and on March 15, 1994, Permanent Federal filed a Complaint to Foreclose Real Estate Mortgage ("mortgage foreclosure suit") against the Hollands. The Kerlins were not named as defendants in that action. Meanwhile, on December 27, 1993, the Hollands filed a Petition for Dissolution of Marriage, and their Decree of Dissolution was entered on April 5, 1994. The decree incorporated a property settlement agreement dated March

17, 1994, which provided that Joe Holland was to be the sole owner of the real property.

Thereafter, Permanent Federal obtained a foreclosure judgment in the mortgage foreclosure suit, and the property was sold at a sheriff's sale to a third party. The Hunts then purchased the property, which became subject to two mortgages owned by Mid–West. On March 1, 1995, the Kerlins filed suit against the Hunts and Mid–West to enforce the Joe Holland judgment. The Hunts and the Kerlins cross-motioned for summary judgment. After a hearing on the motions, the court denied the Hunts' motion and granted the Kerlins' motion for summary judgment. The relevant portion of the court's order states:

1. The judgment obtained by the Plaintiffs, James T. Kerlin and Glenna Kerlin, against Joe Holland in the amount of $168,271.14, in the Vigo Superior Court, was duly entered and indexed in the judgment docket in Warrick County on November 18, 1993, as notice to all parties.

2. Subsequent to said entry of the Plaintiffs' judgment, Joe Holland acquired sole ownership of the subject Real Estate from a tenancy by the entirety pursuant to a Property Settlement Agreement entered into on March 17, 1994.

3. Said Property Settlement Agreement invested the entire fee estate of the Real Estate into Joe Holland, and all persons in the chain of title subsequent to March 17, 1994, including Defendants Lester and Mary Hunt and Mid–West Federal Savings Bank, acquired their interest subservient to the judgment lien in the name of Plaintiffs, James T. Kerlin and Glenna Kerlin, and the Defendants, Robert Cantrell, Claude Sutton and Carla Sutton.[1]

4. The judgment lien of Plaintiffs, James T. Kerlin and Glenna Kerlin, was not extinguished by the Decree of Foreclosure, but remains as a first and prior lien against the Real Estate, and said lien is hereby

---

1. The defendants, Robert Cantrell, Susan Cantrell, Claude Sutton and Carla Sutton, never appeared or answered the Kerlins' complaint.

foreclosed and the Real Estate shall be sold to pay and satisfy said judgment.

Record at 103–4.

The Hunts now appeal from that decision.

## DISCUSSION AND DECISION

### Standard of Review

Summary judgment is only appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The moving party bears the burden of proving both that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *Huff v. Langman,* 646 N.E.2d 730, 731 (Ind.Ct.App.1995). Once the movant has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial; he may not simply rest on the allegations of his pleadings. *Stephenson v. Ledbetter,* 596 N.E.2d 1369, 1371 (Ind.1992). When reviewing the grant or denial of summary judgment, we apply the same standard as that used by the trial court. *Ramon v. Glenroy Const. Co.,* 609 N.E.2d 1123, 1127 (Ind. Ct.App.1993), *trans. denied.*

 In this case, the trial court entered specific findings of fact and conclusions of law. Special findings entered by the trial court when ruling on motions for summary judgment merely afford the appellant an opportunity to address the merits of the trial court's rationale. *Dague v. Fort Wayne Newspapers, Inc.,* 647 N.E.2d 1138, 1140 (Ind.Ct.App.1995), *trans. denied.* Such findings and conclusions also aid in our review by providing us with a statement of reasons for the trial court's actions, but they have no other purpose. *Id.* Rather than relying upon the trial court's findings and conclusions, we must base our decision upon the materials properly designated to the trial court. *Id.*

### Issue One: The Kerlins as Proper Parties

 Mid–West and the Hunts contend that the trial court erred when it granted summary judgment in favor of the Kerlins. Specifically, they argue that because the Joe Holland judgment was not a lien against the property when Permanent Federal commenced its mortgage foreclosure suit, the Kerlins were not proper parties to the suit.[2] In response, the Kerlins claim that they were proper parties and that because they were not joined in the mortgage foreclosure suit, they are not bound by the judgment.

 Indiana law holds that a prior mortgagee, *at the time of filing the complaint to foreclose,* who has either actual or constructive notice of a junior mortgagee, or other subsequent encumbrance, is bound to make the holder thereof a party to the action, or the proceedings therein will not affect him. *Murdock v. Ford,* 17 Ind. 52, 54 (1861) (emphasis added). Here, Permanent Federal filed its foreclosure suit against the Hollands on March 15, 1994. At that time, the Hollands owned the property by the entirety.[3] By its nature, property owned in a tenancy by the entirety is immune to seizure and satisfaction of the individual debts of either husband or wife. IND.CODE § 32–4–2–1; *Bayes v. Isenberg,* 429 N.E.2d 654, 658 (Ind.Ct.App.1981); *Myler v. Myler,* 137 Ind. App. 605, 609, 210 N.E.2d 446, 448 (Ind.Ct. App.1965).

 The Kerlins admit that the judgment in this case was against Joe Holland individu-

---

2. Indiana case law defines "proper parties" as junior lienholders and others having a junior claim or interest in the property. If a proper party, whose interest predates the filing of the foreclosure action, is not named as a party, he retains a right of redemption for a reasonable time after the foreclosure. *See Murdock v. Ford,* 17 Ind. 52, 54 (1861). Proper parties, in this context, should be differentiated from "necessary parties." Parties with an ownership interest in the property are necessary parties. *Curtis v. Gooding,* 99 Ind. 45, 46–50 (1884). Both proper and necessary parties must be joined in an action in order for that action to binding upon them. *Id; Murdock,* 17 Ind. at 54.

3. By statute, Indiana law presumes that a husband and wife own their property as tenants by the entirety. IND.CODE § 32–4–2–1. This estate is characterized by the "four unities": (1) unity of estate; (2) unity of possession; (3) unity of control; and (4) unity in conveying or encumbering. *See Chandler v. Cheney,* 37 Ind. 391 (1871); *Barnes v. Luttrull,* 557 N.E.2d 692, 694 (Ind.Ct.App.1990), *trans. denied.*

ally and that the judgment lien against Joe Holland would not attach to property held by him and his wife as tenants by the entirety. *Brief of Appellees* at 7. Thus, the Kerlins themselves acknowledge that the Joe Holland judgment was not a lien or encumbrance against the property until April 5, 1994, the date on which the Hollands' decree of dissolution became final and Joe Holland became the sole owner of the property.[4] However, the mortgage foreclosure suit was filed on March 15, 1994, several weeks prior to entry of the decree of dissolution. Because the only relevant date used to determine the proper parties to a mortgage foreclosure is the date on which the suit is filed, the Kerlins were not proper parties to Permanent Federal's mortgage foreclosure suit against the Hollands.

Still, the Kerlins argue that they became proper parties on April 5, 1994, and that Permanent Federal had a duty, as of that date, to join them in the suit. Contrary to the Kerlins' assertion, Permanent Federal was not required to join any party whose interest attached after the mortgage foreclosure suit was filed on March 15, 1994. As of that date the Joe Holland judgment was not and could not have been a lien against the property, and the events that transpired after March 15, 1994, are irrelevant to our analysis. The Kerlins were not proper parties to the suit and are bound by the judgment and decree of foreclosure.

### Issue Two: Extinguishment of the Kerlins' Claim

██ Mid–West and the Hunts also contend that, because the Joe Holland judgment did not attach to the property until after the mortgage foreclosure suit was filed, the Ker-

lins' judgment lien has been extinguished by the foreclosure sale. We must agree.

Permanent Federal was clearly under a duty to conduct a comprehensive search of the public records affecting title to the property for any claims or interests that had attached as of the date the foreclosure suit was filed. However, under the doctrine of *lis pendens*, that duty ended once the mortgage foreclosure suit was filed.

██ Indiana adheres to the doctrine of *lis pendens*, which literally means "pending suit."[5] 19 I.L.E. *Lis Pendens* § 1 (1959). At common law, *lis pendens* held that a person who acquired an interest in land during the pendency of an action concerning the title thereof had to take notice of such an action, and had to take the property subject to the judgment rendered in the action. *See Wilson v. Hefflin*, 81 Ind. 35, 41–42 (1881). Notice of the action arose from the commencement of the action itself. *Id.*

██ This general rule was modified by Indiana Code § 34–1–4–2 which requires that a separate written notice of a pending suit be filed with the clerk of the circuit court in order for the action to affect the interests of any *pendente lite* claimants. In *Curry v. Orwig*, 429 N.E.2d 268 (Ind.Ct.App.1981), this court explained the theory behind the notice requirement of Indiana's *lis pendens* statute:

The purpose of *lis pendens* notice is to provide machinery whereby a person with an in rem claim to property *which is not otherwise recorded* or perfected may put his claim upon the public records, so that

---

4. A final decree of dissolution converts a tenancy by the entirety into a tenancy in common with both spouses taking equal shares absent a specific contrary determination by the court. IND. CODE § 32–4–2–2. The Hollands' decree of dissolution incorporated the property settlement agreement which made Joe Holland the sole owner of the property.

5. The doctrine of *lis pendens* is primarily concerned with the finality of judgments. In *Eyster v. Gaff*, 91 U.S. 521, 524, 23 L.Ed. 403, 404 (1875), the United States Supreme Court stated:

The obvious reason for [the doctrine] is, that if, when the jurisdiction of the court has once attached, it could be ousted by the transfer of the defendant's interest, there would be no end to the litigation, and justice would be defeated by the number of these transfers.

Thus, a party who acquires an interest in property during the pendency of a suit concerning that land (a claimant *pendent lite*) is bound by the judgment of the action even if not made a party.

third persons dealing with the defendant ... will have constructive notice of it.

*Id.* at 273 (original emphasis).

█ However, the statute does not require that such notice be filed if the action is founded upon "an instrument executed by the party having the legal title to the real estate, as appears from the proper records of the county, and recorded as by law required...." IND.CODE § 34-1-4-2(a)(3)(A). In theses instances, the commencement of the foreclosure action itself provides constructive notice to *pendent lite* claimants. *Rothschild v. Leonhard,* 33 Ind. App. 452, 460, 71 N.E. 673, 676 (Ind.Ct.App. 1904) (actions not within the statute remain subject to the common law rule); *Schaffner v. Voss,* 46 Ind.App. 551, 556, 93 N.E. 235, 237 (Ind.Ct.App.1910).

█ Here, the Kerlins are *pendent lite* claimants because they acquired an interest in the property as of April 5, 1994, several weeks after Permanent Federal filed its foreclosure action. Permanent Federal filed its mortgage foreclosure suit against the Hollands based on a recorded mortgage. Accordingly, Permanent Federal was not required to file a notice of *lis pendens* with the clerk of the Warrick Circuit Court. The filing of the suit itself served as constructive notice. The Kerlins could have intervened on their own motion in order to assert their interest in the property. Because they did not intervene, their interest was extinguished by the foreclosure judgment.

## Conclusion

We conclude that the trial court erred when it granted summary judgment in favor of the Kerlins. *See Laux v. Chopin Land Assoc. Inc.,* 615 N.E.2d 902, 904 (Ind.Ct. App.1993), *trans. denied.* (where there is no factual dispute, court of appeals will determine whether trial court correctly applied law). The court held that the property in question must be sold and the proceeds used to satisfy the Kerlins' Joe Holland judgment. However, the trial court's judgment is contrary to law. Because their interest in the property did not attach until after the mortgage foreclosure suit was filed, the Kerlins were not proper parties to the suit. Fur-

thermore, Permanent Federal was not required to file a *lis pendens* notice in order to bind the Kerlins to the foreclosure judgment and extinguish their interest in the property. The Kerlins' judgment was subordinate to Mid-West's mortgage, and the lien of their judgment was extinguished by the judgment and decree of foreclosure by operation of law. Accordingly, we reverse the trial court's grant of summary judgment in favor of the Kerlins and direct the trial court to enter summary judgment for Mid-West and the Hunts.

Reversed.

ROBERTSON and FRIEDLANDER, JJ., concur.