**COUNTRYWIDE HOME LOANS, INC., Appellant–Plaintiff,**

v.

**Billy J. ROOD; Jennifer Rood; Fidelity Federal Savings Bank; Heilig Meyers Furniture; Phillip Catey, DDS; State of Indiana; Good Neighbor Pharmacy; Families Health of Indiana, Appellees–Defendants.[1]**

No. 27A04–0207–CV–353.

Court of Appeals of Indiana.

March 18, 2003.

---

**1.** The only defendant remaining on appeal is Good Neighbor Pharmacy.

Kevin G. Kerr, Hoeppner Wagner & Evans LLP, Valparaiso, IN, Attorney for Appellant.

Martin A. Harker, Albert C. Harker, Kiley, Kiley, Harker, Michael & Certain, Marion, IN, Attorneys for Appellee, Good Neighbor Pharmacy.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Countrywide Home Loans, Inc. (Countrywide) appeals from the trial court's order granting attorney's fees to Good Neighbor Pharmacy (Good Neighbor) pursuant to Indiana Code § 34–52–1–1.

We affirm, and remand for assessment of appellate attorney fees.

### COUNTRYWIDE HOME LOAN, INC.'S ISSUE

Whether the trial court abused its discretion by entering an attorney's fee award to Good Neighbor Pharmacy.

### GOOD NEIGHBOR PHARMACY'S ISSUE

Whether Good Neighbor Pharmacy is entitled to appellate attorney's fees.

### FACTS

In July 1998, Good Neighbor filed a small claims court action against Billy J. Rood. The Chronological Case Summary dated September 8, 1998, in the small claims court action noted that Billy and his wife, Jennifer Rood, filed bankruptcy. The CCS showed no other entries until March 21, 2001, when Good Neighbor moved to dismiss the action because the claim had been discharged in bankruptcy.

On February 12, 2001, Countrywide filed its "Complaint to Foreclose Mortgage" alleging a default by Billy J. Rood and Jennifer Rood. (Amended Appellant's App. 6). In addition to the Roods, Countrywide named Good Neighbor and others as defendants. In pertinent part, Paragraph 8 of the Complaint states:

> [T]he following are made parties Defendant by virtue of their interests as set forth below. The liens and interests of all parties Defendant are alleged to be subordinate and inferior to the interest of the Plaintiff and subject to said interest.
>
> * * * * *
>
> Good Neighbor Pharmacy by virtue of any interest he/she may have as a result of a pending action filed in ... Grant County.... The interest of this Defendant, if any, is subordinate and inferior to the interest of Plaintiff.

*Id.* at 8.

In its eight paragraph prayer for relief, Countrywide requested 1) a personal judgment against the Roods; 2) a declaration that Countrywide's mortgage was "a valid, first and subsisting lien on the subject real estate prior to and superior to all claims, liens or interests asserted against the subject real estate"; 3) an order foreclosing the mortgage and the "Defendant[s'] ...

interest in the subject real estate, forever barring the rights in and equity of redemption of all Defendants in the subject property"; 4) an order directing the sale of the real estate; 5) an order "enjoining all Defendants ... from committing waste upon the subject property or otherwise impairing the Plaintiff's security interest"; 6) a "personal money judgment against those alleged to be personally liable ... [the Roods]," in the event of a deficiency; 7) an order after the sale of the property and the expiration of the redemption period "that the Defendants in this action who may be in possession of the subject real estate or any part thereof, shall surrender to the holder of said deed the full and peaceful possession of the property and that, upon failure to surrender such possession, the Sheriff ... be directed to forthwith enter the subject property and eject and remove such persons therefrom and to put the party holding said Sheriff's Deed ... in full, peaceful and quiet possession of the subject property without delay"; and 8) all other relief the court would deem just. (Amended Appellant's App. 9–10). Three of the paragraphs are directed to all defendants, including Good Neighbor.

On March 23, 2001, Good Neighbor's counsel sent a letter to Countrywide's counsel[2] regarding the action filed by Countrywide. The letter noted that "[a]pparently Good Neighbor Pharmacy was made a party defendant because of the pendency of the ..." small claims court action against Billy Rood, and expressed doubt that Good Neighbor's claim against Billy Rood, prior to its dismissal, could have constituted sufficient interest in the property to require Good Neighbor to be joined as a party. (Amended Appellant's App. 27). The letter further stated that, in

---

**2.** Countrywide's trial counsel is not the same as counsel on appeal.

any event, Good Neighbor's claim had been discharged in bankruptcy and that Good Neighbor had dismissed the small claims court action against Billy Rood. Counsel for Good Neighbor requested that Good Neighbor be dismissed as a defendant.

Countrywide did not dismiss Good Neighbor as a defendant in the mortgage foreclosure action. On May 21, 2001, Good Neighbor's counsel sent another letter to Countrywide's counsel. In pertinent part, the letter stated:

> I note from a bench docket entry that you have filed a summary judgment motion with supporting pleadings in the matter. Our firm was not served despite the fact that we represent the defendant Good Neighbor Pharmacy. Hopefully we were omitted because your firm has prepared the appropriate pleadings to dismiss Good Neighbor Pharmacy based on my conversation with your staff last week. I enclose a copy of my prior correspondence and supporting materials. Please either dismiss Good Neighbor Pharmacy from the case as you have other defendants[3] or let me know that you will not do so, so that I may take appropriate action.

(Amended Appellant's App. 28) (footnote added).

On May 29, 2001, Good Neighbor's counsel sent the following:

> We again, respectfully request ... that you and the plaintiff dismiss the defendant Good Neighbor Pharmacy from the lawsuit on or before June 10, 2001, so that it will not have to incur further litigation expense now that the above captioned lawsuit is baseless as to

it. Continuance of the frivolous litigation as to the defendant Good Neighbor Pharmacy will be vexatious and oppressive and seemingly in bad faith under the circumstances where there is no longer any foundation ... for any claims against it.

> This letter, then, advises the plaintiff that if it does not withdraw claims against the defendant Good Neighbor Pharmacy and dismiss it from the lawsuit on or before June 10, 2001, the defendant Good Neighbor Pharmacy will move for summary judgment and seek recovery of attorney's fees for the maintenance of the frivolous litigation in bad faith.

(Amended Appellant's App. 29). Still, Countrywide did not dismiss Good Neighbor from the mortgage foreclosure action.

On March 12, 2002, Good Neighbor filed its answer with affirmative defenses, its motion for summary judgment with a separate designation of evidence, and its motion for attorney's fees for maintaining a frivolous lawsuit pursuant to Indiana Code § 34-52-1-1. On March 21, 2002, Good Neighbor also filed a motion to dismiss.

On March 25, 2002, counsel for Good Neighbor sent a letter to counsel for Countrywide stating that he had received a facsimile transmission and correspondence from Countrywide's counsel, implying that Good Neighbor had agreed to its dismissal from the lawsuit. Counsel for Good Neighbor stated, at that point in the proceedings, there was no agreement to a dismissal without the payment of its attorney's fees, that Countrywide did not have authority to represent to the court that

---

**3.** Good Neighbor provided documentation in its Appellee's Appendix that Phillip Catey, D.D.S., another defendant in the lawsuit, requested dismissal, under similar circumstances, on February 26, 2001. Countrywide filed its Motion to Dismiss Party Defendant, Dr. Catey, on March 13, 2001. The trial court granted the motion to dismiss on the same day it was filed.

Good Neighbor had agreed to a dismissal, and that Good Neighbor had communicated that fact to the court.

On April 11, 2002, Countrywide filed its response to Good Neighbor's motion for summary judgment. In part, Countrywide asserted that 1) Good Neighbor's answer was not timely; 2) Good Neighbor's motion for summary judgment should be struck because "Good Neighbor lack[ed] standing to file its motion"; 3) Good Neighbor failed to mitigate its damages by incurring attorney's fees "when it could have filed its own motion to dismiss/disclaimer of interest with the court since March 21, 2001"; 4) material issues of fact precluded summary judgment for Good Neighbor; and 5) Countrywide was "entitled to attorneys fees in defending this motion pursuant to I.C. 34–52–1–1." (Amended Appellant's App. 30–31).

Also, on April 11, 2002, Countrywide filed a separate response to Good Neighbor's motion for attorney's fees. Countrywide asserted, *inter alia,* that 1) Good Neighbor's small claims court action against Billy Rood was filed more than two years before Countrywide filed its complaint; 2) Good Neighbor dismissed its action against Billy Rood after Countrywide filed its complaint; 3) Good Neighbor contacted Countrywide's counsel and "indicated its desire to be dismissed from the present matter due to its lack of interest in this suit"; 4) "Good Neighbor was advised that they would be dismissed from this cause of action upon dismissal of the small claims action";[4] 5) "Good Neighbor had the means and ability to dismiss its interest from the present cause of action by filing a simple motion to dismiss/disclaimer of interest"; 6) "Good Neighbor failed to follow up with [Countrywide] and take any

action to mitigate its purported damages"; 7) Countrywide's "claim in this cause of action was not frivolous, unreasonable or groundless against Good Neighbor because Good Neighbor had a valid interest in this cause of action"; 8) "[a]ny frivolous, unreasonable or groundless claims are contained in Good Neighbor's motion, which was intended to generate fees"; 9) "Good Neighbor [did] not have standing to file its motion for attorneys fees as its answer to Plaintiff's complaint was filed untimely"; and 10) Countrywide is "entitled to reasonable attorneys fees in defending these allegations by Good Neighbor." (Amended Appellant's App. 33–35).

On April 26, 2002, Good Neighbor's counsel filed an affidavit in support of its motion for attorney's fees. Counsel asserted that the rate charged was $110 per hour and that, as of the date of the affidavit, 13.8 hours had been expended for a total of $1,520.04. Counsel stated that the fees were in accordance with the terms of the engagement letter executed with Good Neighbor and submitted the itemized time and task report for the time expended.

On May 16, 2002, the trial court entered partial summary judgment for Good Neighbor dismissing Good Neighbor as a defendant and awarding attorney's fees in the amount of $1,520.04. Also, the court found that Countrywide was entitled to summary judgment on the portion of its complaint requesting foreclosure;

> [h]owever, that summary judgment in favor of plaintiff is subject to the attorney fees awarded defendant Good Neighbor Pharmacy as a result of this Partial Summary Judgment Decree. Counsel for plaintiff is, therefore, ordered to submit a suggested summary

---

4. On appeal, Countrywide asserts that the failure to dismiss Good Neighbor from the mortgage foreclosure lawsuit after agreeing to

do so was "an oversight." Amended Appellant's Br. at 4.

judgment decree of foreclosure in conformity with this Partial Summary Judgment Decree.

(Amended Appellant's App. 42).

On June 17, 2002, Countrywide filed a motion to correct error. The trial court denied the motion on June 19, 2002.

### DECISION

#### 1. *Countrywide's Issue*

■ Countrywide contends that the trial court erred by awarding Good Neighbor attorney's fees because: 1) Countrywide prevailed on its claim that Good Neighbor had no interest in the property upon which Countrywide sought foreclosure; 2) Good Neighbor should not have incurred attorney's fees because it would not have been harmed by a default in the action filed by Countrywide; and 3) in general, an action for a declaration that a party does not have an interest in real property will not support an award of attorney's fees.

Indiana Code § 34–52–1–1 provides, in relevant part:

> (b) In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:
>
> > (1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;
> >
> > (2) *continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless;* or
> >
> > (3) litigated the action in bad faith.

(emphasis added).

■ We review the trial court's determination to award attorney's fees for an abuse of discretion. *Bacompt Systems, Inc., v. Ashworth,* 752 N.E.2d 140, 146 (Ind.Ct.App.2001), *trans. denied.* The statute "strikes a balance between respect for an attorney's duty of zealous advocacy and 'the important policy of discouraging unnecessary and unwarranted litigation.'" *Mitchell v. Mitchell,* 695 N.E.2d 920, 924 (Ind.1998) (quoting *Kahn v. Cundiff,* 533 N.E.2d 164, 170 (Ind.Ct.App.1989), *adopted on trans.,* 543 N.E.2d 627 (Ind. 1989) (per curiam)).

Countrywide's arguments, to the extent that they are at all plausible, are directed to the initial determination that Good Neighbor might have asserted a claim against the property based upon its small claims court action against Billy Rood; thus, Countrywide might not have acted frivolously, unreasonably, or groundlessly when it originally joined Good Neighbor as a defendant in its mortgage foreclosure action. That said, Countrywide has wholly failed to demonstrate that it did not continue to litigate the action, with Good Neighbor as a defendant, after it became "frivolous, unreasonable, or groundless." I.C. 34–52–1–1(b)(2). Countrywide acknowledged that any possible claim that Good Neighbor might have asserted was extinguished when Good Neighbor dismissed its action against Billy Rood approximately one month after Countrywide filed suit naming Good Neighbor as a defendant. Further, Countrywide acknowledged that, at some point during the more than one year that it failed to dismiss Good Neighbor from the lawsuit, it had agreed to dismiss but failed to do so.

Countrywide had no basis to *maintain* the action against Good Neighbor for more than one year after Good Neighbor dismissed its small claims court action against Billy Rood based upon the Roods' discharge in bankruptcy. Good Neighbor dismissed its action against Billy Rood approximately one month after Countrywide instituted its suit. That Countrywide failed to dismiss Good Neighbor from the lawsuit, after agreeing to such, 1) required

Good Neighbor to maintain counsel to write letters requesting dismissal; 2) required Good Neighbor to continue to monitor the lawsuit after Countrywide failed to serve motions upon Good Neighbor; and 3) required Good Neighbor to file numerous motions and memoranda in support thereof.

■ To the extent that Countrywide makes a variety of arguments within its above cited contentions, including that Good Neighbor failed to timely seek dismissal, that Countywide prevailed in its assertion that Good Neighbor did not have a valid interest in the property, and that Good Neighbor unnecessarily incurred attorney's fees because it would not have been harmed in allowing a default judgment to be entered against it, we will not waste additional resources to explain the sophistry of and obvious defects in the arguments. The statute was enacted to deter the needless drain on the resources of prevailing parties and the courts. *See Mitchell,* 695 N.E.2d at 925.

The trial court did not abuse its discretion by awarding Good Neighbor attorney's fees pursuant to Indiana Code § 34–52–1–1.

## 2. *Good Neighbor's Issue*

■ Good Neighbor contends that Countrywide's appeal is permeated with meritlessness and vexatiousness; thus, Good Neighbor is entitled to an award of appellate attorney's fees.

Indiana Appellate Rule 66(E) provides:

The Court may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees. The Court shall remand the case for execution.

■ Our supreme court in *Orr v. Turco Mfg. Co.,* 512 N.E.2d 151, 152 (Ind.1987),

applying the former appellate rule, noted that the determination to allow appellate attorney's fees should be tempered by extreme caution so as not to discourage innovation or periodic reevaluation of controlling precedent. "Hence, the discretion to award attorney fees under App. R. 66(C) is limited to instances 'when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay.'" *Boczar v. Meridian Street Foundation,* 749 N.E.2d 87, 95 (Ind. Ct.App.2001) (quoting *Orr,* 512 N.E.2d at 152).

Guided by our supreme court's instruction to use great restraint when determining that such an award is warranted, we nonetheless do so here. As we determined above, any plausibility to Countrywide's arguments for maintaining its action against Good Neighbor ended upon Good Neighbor's dismissal of its action against Billy Rood and Good Neighbor's communication of that dismissal to Countrywide. Countrywide's arguments on appeal to the contrary were without merit.

This cause is remanded to the trial court for a determination of appropriate appellate attorney's fees.

VAIDIK, J., concurs.

NAJAM, J., concurs in result in part and concurs in part with separate opinion.

NAJAM, Judge, concurring in result in part and concurring in part.

I concur in result on the first issue. The majority holds that Countrywide continued to litigate its claim against Good Neighbor in the mortgage foreclosure after it clearly became frivolous. *See* Ind. Code § 34–52–1–1. But I believe that the trial court was correct when it granted Good Neighbor's motion for attorney's fees and concluded as a matter of law that

Good Neighbor "should not have been joined as a party in this action." Appellant's App. at 41. Good Neighbor is entitled to attorney's fees not because Countrywide's claim became frivolous after Good Neighbor had dismissed its small claim action against Rood, but because Countrywide's action against Good Neighbor was groundless from its inception. *See* Ind.Code § 34–52–1–1(1).

At no time was Good Neighbor a necessary or proper party to the mortgage foreclosure. Countrywide contends that because Good Neighbor "had a pending small claims action [against Rood] at the time that Countrywide filed its foreclosure action," Good Neighbor "had an inchoate interest in the real property at issue." Brief of Appellant at 15. Throughout its briefs, Countrywide alleges that the small claims action gave Good Neighbor "a potential interest" in the real estate. I cannot agree.

Good Neighbor had *no* interest in the property at the time Countrywide filed the mortgage foreclosure. At best, Good Neighbor had nothing more than an unliquidated claim. At the time Countrywide filed the mortgage foreclosure, Good Neighbor's small claim against Rood was pending and had not been reduced to judgment. Thus, the small claim was lis pendens and was not a lien on the real estate.

Even if Good Neighbor's judgment had been entered, the judgment lien would have attached after Countrywide had filed its mortgage foreclosure. *See Mid–West Federal Savings Bank v. Kerlin,* 672 N.E.2d 82, 85–86 (Ind.Ct.App.1996) (judgment creditors were not proper parties to mortgage foreclosure where judgment attached after date foreclosure was filed), *trans. denied.* And that judgment would have been subordinate to Countrywide's mortgage, and Good Neighbor's judgment lien would have been extinguished by the judgment and decree of foreclosure by operation of law. *See id.* at 86–87 (explaining how filing of foreclosure action serves as notice to pendent lite claims and, absent intervention, judgment on properly recorded mortgage extinguishes existing pendent lite claims). In fact, Good Neighbor could only have become a proper party to the mortgage foreclosure if, after obtaining a small claims judgment, it had moved to intervene. *See id.* at 87.

In sum, the trial court did not abuse its discretion when it awarded attorney's fees to Good Neighbor. Countrywide's claim against Good Neighbor was groundless from its inception. Because the trial court correctly determined that Good Neighbor should not have been joined as a party as a matter of law, I concur in result on that issue. Regarding the second issue, I concur with the majority's remand for a determination of appellate attorney's fees under Indiana Appellate Rule 66(E).